UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MAIZE,<br><br>    Petitioner and Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent and Plaintiff. | **No. CV 13-07415-DDP**<br>[No. CR 07-455-PSG]<br><br>PROTECTIVE ORDER REGARDING<br>DOCUMENTS CONTAINING PERSONAL<br>IDENTIFYING INFORMATION |

The Court has read and considered the Stipulation and Joint Request for a Protective Order Regarding Documents Containing Personal Identifying Information, filed by Petitioner and Defendant Richard A. Maize ("Petitioner Maize") and Respondent and Plaintiff United States of America in this matter on January __, 2020, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

    1.    The United States Attorney's Office ("the USAO") has made available for initial review by Petitioner Maize's counsel of record, Richard G. Novak ("Mr. Novak"), certain documents in the possession of USAO that Petitioner Maize had requested be made available for his use in connection with these proceedings, pursuant

to 18 U.S.C. § 2255, to set aside Petitioner Maize's convictions in *United States v. Richard A. Maize*, case no. CR 07-455-DDP (the "Subject Documents"). The Subject Documents were previously selected by the USAO as potential exhibits in connection with the trial of the defendants prosecuted in *United States v. Joseph Aram Babajian, Lila Marie Rizk, and Kyle John Grasso*, case no. CR 07-00755-DDP. The quantity of the Subject Documents is approximately 290 pages. Many of the Subject Documents contain personal identifying information of real persons, including, among other things, personal names, addresses, Social Security numbers, and financial account numbers.

2. If the USAO were to attempt to redact all this personal identifying information in strict compliance with Federal Rule of Civil Procedure 5.2, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, Petitioner Maize would receive a set of documents that would be confusing and difficult for Petitioner Maize and Mr. Novak to understand.

3. The Court finds it appropriate, therefore, for the USAO to provide to Mr. Novak unredacted copies of the Subject Documents that contain personal identifying information, subject to this protective order that preserves the privacy and security of third parties. The Court agrees that a protective order as requested by the parties will serve the USAO's interest in maintaining the privacy and security of third parties while permitting Petitioner Maize and Mr. Novak to understand the Subject Documents.

4. Accordingly, the production of the Subject Documents by the USAO to Mr. Novak shall be subject to this Protective Order, as follows:

    a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, other than Petitioner Maize, including name, address, date of birth, Social Security number, Tax Payer Identification Number, driver's license number, telephone number, financial account number, or personal identification number. The term "Protected Information" refers to materials containing PII that the USAO produces to the defense pursuant to the Protective Order.

    b. For purposes of the Protective Order, the term "Petitioner's Team" refers to (1) Mr. Novak, as Petitioner Maize's counsel of record; (2) other attorneys at Mr. Novak's law firm who may be consulted regarding case strategy in the above-captioned matter; (3) investigators and retained experts or potential experts who are assisting Mr. Novak with this case; and (4) paralegals, legal assistants, and other support staff to Mr. Novak providing assistance on this case. The term "Petitioner's Team" does not include Petitioner Maize, his family members, or any other associates of Petitioner Maize.

    c. Mr. Novak shall advise all other members of Petitioner's Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of Petitioner's Team with access to any materials subject to the Protective Order.

d.   The USAO is authorized to provide to Mr. Novak
Protected Information marked with the following legend: "CONTENTS
SUBJECT TO PROTECTIVE ORDER."  If Protected Information is provided
on a DVD, or other electronic storage media, it is sufficient notice
for the USAO to label the electronic storage media with this legend.
If Protected Information is provided in the form of a paper
document, it is sufficient notice for the USAO to print this legend
on the cover page of the first page of the document.  If Petitioner
Maize objects to any such designation, he may do so by application
to the Court upon duly noticed motion, following meeting and
conferring with the USAO regarding the objection.

          e.   Petitioner Maize may review Protected Information
only in the presence of Mr. Novak or other members of Petitioner's
Team, and Petitioner Maize may not copy, keep, maintain, or
otherwise possess any of such Protected Information in this case at
any time.  Petitioner Maize must return any Protected Information to
Petitioner's Team at the conclusion of any meeting at which
Petitioner Maize is permitted to view the Protected Information.
Petitioner Maize may not take any Protected Information out of the
room in which he is meeting with Petitioner's Team.  Petitioner
Maize may not write down or memorialize any PII contained in the
Protected Information.  At the conclusion of any meeting with
Petitioner Maize, Petitioner's Team shall take possession of all
Protected Information.

          f.   If Mr. Novak deems it appropriate or necessary for
Petitioner Maize to review some or all of the Protected Information
in this case outside Petitioner's Team's presence, Mr. Novak shall,
without further Order of the Court, provide to Petitioner Maize only

Protected Information from which all PII has been redacted by Petitioner's Team.  At no time, under no circumstance, shall any unredacted Protected Information be left in the possession, custody, or control of Petitioner Maize.

      g.   Petitioner's Team shall not permit Petitioner Maize or anyone not a member of Petitioner's Team to have possession of Protected Information.

      h.   Petitioner's Team shall access and use Protected Information for the sole purpose of preparing for proceedings in this case.  Petitioner's Team may review Protected Information with a witness or potential witness in this case, including Petitioner Maize.  Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with Petitioner's Team is complete.

      i.   Petitioner's Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than Maize team members and Petitioner Maize as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside Petitioner's Team's offices, homes, vehicles, or personal presence.

      j.   To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of

5

Petitioner's Team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    k.    Petitioner's Team shall use Protected Information and materials otherwise identified as containing PII only for the litigation of this matter and for no other purpose. In the event that a party needs to file Protected Information or materials otherwise identified as containing PII with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII and make all reasonable attempts to limit the divulging of PII.

    l.    Any PII produced or disclosed to Mr. Novak by the USAO prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

    m.    Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing PII shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in Petitioner's Team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of these proceedings, Mr. Novak shall return Protected Information and materials otherwise identified as containing PII to the USAO,

certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

    n.   In the event that there is a substitution of counsel for Petitioner Maize prior to when such documents must be returned, new counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing PII may be transferred from Mr. Novak to the new counsel, who then shall become Petitioner's Team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of proceedings, for returning to the USAO, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing PII.

    IT IS SO ORDERED.

1-15-2020
_____
DATE

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE